IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

MELVIN HERNANDEZ ELIAS
c/o 519 H Street NW
Washington, DC 20001
(Prince George's County)

    Plaintiff,

v.

AFFLUENT MD, INC.
d/b/a BONCHON HYATTSVILLE
6507 America Boulevard, Store No. 101
Hyattsville, MD 20782
(Prince George's County)

ZHOU HUANG
2477 Port Potomac Avenue
Woodbridge, VA 22191

WAN ZUAN LIN
a/k/a JASON LIN
3813 Allison Street
Brentwood, MD 20722
(Prince George's County)

    Defendants.

Civil Action No. _____

**COMPLAINT**

1. For approximately two and a half years before October 2019, Defendants paid Plaintiff a flat semimonthly salary that denied him minimum and overtime wages.

2. Plaintiff brings this action against Affluent MD, Inc.; Zhou Huang; and Wan Zuan Lin ("Defendants") to recover damages for Defendants' willful failure to pay minimum and overtime wages, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the Maryland Wage and Hour Law ("MWHL"), Md. Code, Lab. & Empl. Art., § 3-401 *et seq.*; and the

Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code, Lab. & Empl. Art., § 3-501 *et seq.*

## Jurisdiction and Venue

3. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C.§ 1367 (supplemental jurisdiction).

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) and Local Rule 501(4) because a majority of the Maryland parties reside in this district and division, or because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district and division.

## Parties

5. Plaintiff Melvin Hernandez Elias is an adult resident of Prince George's County, Maryland.

6. Defendant Affluent MD, Inc. is a Maryland corporation. It does business as Bonchon Hyattsville. Its principal place of business is located at 6507 America Boulevard, Store No. 101, Hyattsville, MD 20782. Its resident agent for service of process is Zhuo Huang, 6507 America Boulevard, Store No. 101, Hyattsville, MD 20782.

7. Defendant Zhou Huang is an adult resident of Virginia. He resides at 2477 Port Potomac Avenue, Woodbridge, VA 22191. He is an owner and officer of Defendant Affluent MD, Inc. He exercises control over the operations of Affluent MD, Inc. — including its pay practices.

8. Defendant Wan Zuan Lin is an adult resident of Maryland. He is also known as Jason Lin. He resides at 3813 Allison Street, Brentwood, MD 20722. He is a manager at Bonchon Hyattsville. He exercises control over the operations of Affluent MD, Inc. — including its pay practices.

**Factual Allegations**

9. Defendants Affluent MD, Inc. and Zhou Huang own and operate the restaurant Bonchon Hyattsville, located at 6507 America Boulevard, Store No. 101, Hyattsville, MD 20782.

10. Plaintiff worked at Bonchon Hyattsville from approximately March 13, 2017 through approximately February 23, 2020.

11. Plaintiff worked at Bonchon Hyattsville as a kitchen laborer.

12. Plaintiff's job duties at Bonchon Hyattsville primarily consisted of preparing and cooking food, and occasionally cleaning the restaurant.

13. Plaintiff typically and customarily worked six days per week.

14. Before approximately October 1, 2019, Plaintiff typically and customarily worked approximately sixty-three and a half hours per week.

15. Before approximately October 1, 2019, Defendants paid Plaintiff a semimonthly salary.

16. Defendants paid Plaintiff approximately the following semimonthly salaries:

| Approximate Dates | Semimonthly Salary | Effective Hourly Rate |
|---|---|---|
| Mar. 13, 2017–Aug. 31, 2017 | $1,050.00 | $7.63 |
| Sep. 01, 2017–Feb. 28, 2018 | $1,100.00 | $7.99 |
| Mar. 01, 2018–Sep. 30, 2019 | $1,200.00 | $8.72 |

17. Before approximately October 1, 2019, Defendants paid Plaintiff in cash.

18. But starting on approximately October 1, 2019, Defendants dramatically changed Bonchon Hyattsville's operations.

19. On approximately October 1, 2019, Defendants reduced Plaintiff's work schedule to approximately forty-two through forty-four and a half hours per week.

20. On approximately October 1, 2019, Defendants started to pay Plaintiff $15.00 per hour.

21. On approximately October 1, 2019, Defendants started to pay Plaintiff via check.

3

22. At all relevant times, Plaintiff worked more than forty hours per workweek for Defendants.

23. Before approximately October 1, 2019, Defendants paid Plaintiff the same effective hourly rate across all hours worked. Defendants did not pay Plaintiff overtime wages — or one and one-half times his regular hourly rate for hours worked in excess of forty in a workweek.

24. Only after approximately October 1, 2019, did Defendants begin to pay Plaintiff one and one-half times his regular hourly rate for hours worked in excess of forty in a workweek.

25. In addition to not paying overtime wages, before October 1, 2019, Defendants did not pay Plaintiff the applicable Maryland or Prince George's County minimum wages.

26. Maryland requires that employers pay non-exempt employees at least $9.25 per hour from July 1, 2017 through June 30, 2018, $10.10 per hour from July 1, 2018 through December 31, 2019, and $11.00 from January 1, 2020 through the present. *See* Md. Code, Lab. & Empl. Art. § 3-413.

27. Prince George's County requires that employers pay non-exempt employees at least $10.75 per hour from October 1, 2016 through September 30, 2017, $11.50 per hour from October 1, 2017 through the present. *See* Prince George's County Code § 13A-117.

28. For Plaintiff's work in the three years preceding the filing of this Complaint, Defendants owe him approximately $38,146.09 in minimum and overtime wages (excluding liquidated damages).

29. Upon information and belief, Defendant Zhou Huang hired Defendant Wan Zuan Lin.

30. Upon information and belief, Defendant Zhou Huang set the restaurant's hours of operation.

31. Defendant Wan Zuan Lin participated in the decision to hire Plaintiff.

32. Defendant Wan Zuan Lin participated in the decision to set Plaintiff's work schedule.

33. Defendant Wan Zuan Lin participated in the decision to set Plaintiff's pay rate.

34. Defendant Wan Zuan Lin supervised Plaintiff's work.

35. At all relevant times, Defendants had the power to hire and fire Plaintiff.

36. At all relevant times, Defendants had the power to control Plaintiff's work schedule.

37. At all relevant times, Defendants had the power to supervise and control Plaintiff's work.

38. At all relevant times, Defendants had the power to set Plaintiff's rate and manner of pay.

39. At all relevant times, Defendants were aware that they were legally required to pay Plaintiff one and one-half times his regular hourly rate for all hours worked in excess of forty hours in any one workweek.

40. At all relevant times, Defendants were aware that they were legally required to pay Plaintiff the applicable minimum wage.

41. At all relevant times, the annual gross volume of Defendants' business exceeded $500,000.00.

42. At all relevant times, Defendants had two or more employees who handled goods and/or materials that had traveled in or been produced in interstate commerce.

43. At all relevant times, Defendants had employees who handled food products, such as rice, that had been grown outside of Maryland.

## COUNT I
### FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA

44. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

45. Each defendant was an "employer" of Plaintiff within the meaning of the FLSA. 29 U.S.C. § 203(d).

46. The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. 29 U.S.C. § 207(a)(1). This regular hourly rate cannot be lower than the applicable state or local minimum wage. 29 C.F.R. § 778.5.

47. Defendants violated the FLSA by knowingly failing to pay Plaintiff at least one and one-half times his regular hourly rate for hours worked in excess of forty hours in any one workweek.

48. Defendants' violations of the FLSA were willful.

49. For Defendants' violations of the FLSA, Defendants are liable to Plaintiff for unpaid overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, court costs, and any other relief deemed appropriate by the Court.

## COUNT II
### FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE MWHL

50. Plaintiff incorporates the foregoing paragraphs as if set forth in their entirety herein.

51. Each defendant was an "employer" of Plaintiff within the meaning of the MWHL. Md. Code, Lab. & Empl. Art. § 3-401(b).

52. The MWHL requires that employers pay non-exempt employees at least $9.25 per hour from July 1, 2017 through June 30, 2018, $10.10 per hour from July 1, 2018 through December 31, 2019, and $11.00 from January 1, 2020 through the present. Md. Code, Lab. & Empl. Art. § 3-413.

53. The MWHL requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. Md. Code, Lab. & Empl. Art., §§ 3-415 and 3-420.

54. Defendants violated the MWHL by knowingly failing to pay the required minimum wage to Plaintiff.

55. Defendants violated the MWHL by knowingly failing to pay Plaintiff one and one-half times his regular hourly rate for hours worked in excess of forty hours in any one workweek.

56. Defendants' violations of the MWHL were willful.

57. For Defendants' violations of the MWHL, Defendants are liable to Plaintiff for unpaid minimum and overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, court costs, and any other relief deemed appropriate by the Court.

## COUNT III
## FAILURE TO PAY WAGES UNDER THE MWPCL

58. Plaintiff incorporates the foregoing paragraphs as if set forth in their entirety herein.

59. Each defendant was an "employer" of Plaintiff within the meaning of the MWPCL. Md. Code, Lab. & Empl. Art. § 3-501(b).

60. The MWPCL requires employers to pay an employee whose employment terminates all wages due on or before the day on which the employee would have been paid the wages if the employment had not been terminated. Md. Code, Lab. & Empl. Art. § 3-505(a).

61. The MWPCL requires employers to timely pay an employee on regular pay days. Md. Code, Lab. & Empl. Art. § 3-502.

62. The "wages" required to be timely paid by the MWPCL include minimum and overtime wages. Md. Code, Lab. & Empl. Art. § 3-501(c)(2). *See also Peters v. Early Healthcare Giver, Inc.*, 439 Md. 646, 654 (Md. 2014).

63. Defendants violated the MWPCL by knowingly failing to timely pay to Plaintiff all wages due, including minimum and overtime wages.

64. Defendants' violations MWPCL were willful.

65.     For Defendants' violations of the MWPCL, Defendants are liable to Plaintiff for three times the amount of unpaid wages, reasonable attorney's fees and expenses, court costs, and any other relief deemed appropriate by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants, jointly and severally, on all counts, in the current total amount of **$114,838.26**, and grant the following relief:

  a.   Award Plaintiff $114,438.26, consisting of the following overlapping elements:

   i.   unpaid overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

   ii.  unpaid Maryland minimum and overtime wages, plus an equal amount as liquidated damages, pursuant to the MWHL, Md. Code, Lab. & Empl. Art., § 3-427;

   iii. three times the amount of unpaid minimum and overtime wages, pursuant to the MWPCL, Md. Code, Lab. & Empl. Art., 3-507.2;

  b.   Award Plaintiff pre-judgment and post-judgment interest as permitted by law;

  c.   Award Plaintiff reasonable attorney's fees and expenses;

  d.   Award Plaintiff court costs (currently, $400.00); and

  e.   Award any additional relief the Court deems just.

Date: July 8, 2020                                    Respectfully submitted,

                                                      /s/ Justin Zelikovitz
                                                      JUSTIN ZELIKOVITZ, #17567
                                                      DCWAGELAW
                                                      519 H Street NW
                                                      Washington, DC 20001
                                                      Phone: (202) 803-6083
                                                      Fax: (202) 683-6102
                                                      justin@dcwagelaw.com

                                                      *Counsel for Plaintiff*